UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARTURO LUIS BARRIOS ALBARRAN,

      Petitioner,

v.                                Case No. 3:26-cv-1477-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION CENTER and
U.S. ATTORNEY GENERAL,

      Respondents.

## **ORDER**

Petitioner Arturo Luis Barrios Albarran, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on June 8, 2026.[1] Albarran, a citizen of Venezuela, was paroled into the United States on April 2, 2023. Id. at 4. Albarran subsequently applied for asylum; his application is pending. Id. On April 20, 2026, United States Immigration and Customs Enforcement (ICE) detained Albarran following a traffic stop. Id. at 5. The crux of Albarran's Petition is that he is not subject to

---

[1] Albarran also filed an Ex Parte Application for Temporary Restraining Order (Doc. 2). On July 14, 2026, the Court granted in part Albarran's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through July 28, 2026. See Temporary Restraining Order (Doc. 5). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 7–8. As relief, he seeks, inter alia, immediate release. Id. at 9.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Albarran, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Albarran was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.      Albarran's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of

---

[2] Because the Court finds that Albarran is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

this Order, Respondents shall either afford Albarran an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Albarran, at least five (5) hours before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility

2.      Respondent Warden, North Florida Detention Center's Motion to Dismiss (Doc. 9) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *4–5 (M.D. Fla. Apr. 21, 2026).

3.      Albarran's construed request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

4.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/23
c:
Arturo Luis Barrios Albarran, #A232389015
Counsel of Record

3